IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RICK WINTERBOTTOM, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14-cv-423 |
| ARS NATIONAL SERVICES, INC., | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, RICK WINTERBOTTOM ("Plaintiff"), through Plaintiff's attorney, Kristin K. Gamble, Esq., alleges the following against Defendant, ARS NATIONAL SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k.

3. Jurisdiction of this Court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in Pleasant Hill, Polk County, Iowa.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency headquartered in Escondido, North County, California.

11. Defendant is a business entity engaged in the collection of debt within the State of Iowa.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

14. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

15. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

16. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

17. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Defendant is attempting to collect an alleged consumer debt from Plaintiff.

19. The alleged debt owed arises from transactions for personal, family, and household

purposes.

20. In or around January 2014, Defendant began placing collection calls to Plaintiff in an attempt to speak with "Carrie Thomas."

21. Defendant's collectors are contacting Plaintiff regarding a debt not owed by Plaintiff.

22. Defendant calls Plaintiff on Plaintiff's home telephone at 515-265-1708.

23. Defendant calls from 760-670-3650, which is one of Defendant's numbers.

24. When Plaintiff answers Defendant's phone calls, Defendant's collectors ask to speak with a "Carrie Thomas."

25. Plaintiff told Defendant's collector that no one by the name of Carrie Thomas lives at Plaintiff's place of residence.

26. When Plaintiff informed Defendant's collectors that no one by the name of Carrie Thomas resides at Plaintiff's home, Defendant's collectors immediately hang up.

27. Defendant's collectors disconnect the phone call before stating that the call was placed to confirm or correct location information concerning Carrie Thomas.

28. Defendant's collectors disconnect the phone call before stating that the call was placed on behalf of "ARS National Services, Inc."

29. Plaintiff called Defendant back and disconnected the phone call after hearing Defendant was "ARS National Services, Inc."

30. Defendant's collectors that spoke with Plaintiff were working within the scope of their employment when they communicated with Plaintiff in an attempt to collect a debt from Carrie Thomas

31. Defendant's collectors who called Plaintiff and asked to speak with Carrie Thomas failed to inform Plaintiff that they was attempting to confirm or correct location information

regarding Carrie Thomas.

32. Defendant's collectors that spoke with Plaintiff are familiar with the FDCPA.

33. Defendant's collectors that spoke with Plaintiff know the FDCPA requires debt collectors state that the debt collector is confirming or correcting location information concerning the consumer.

34. Defendant's collectors that spoke with Plaintiff know the FDCPA requires debt collectors to identify the name of the company's name when placing a telephone call.

35. Each time Plaintiff answers Defendant's phone calls, Plaintiff explicitly informs Defendant that Plaintiff is not Carrie Thomas and no one by the name of Carrie Thomas resides at Plaintiff's address.

36. Despite being told by Plaintiff that Plaintiff is not Carrie Thomas and no one by the name of Carrie Thomas resides at Plaintiff's address, Defendant's collector continue to call Plaintiff looking for Carrie Thomas at an annoying and harassing rate.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

37. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692b(1) of the FDCPA by communicating with any person other than the consumer when Defendant's collector who called Plaintiff looking for "Carrie Thomas" hung up the phone before stating that the collector was attempting to confirm or correct location information concerning the Carrie Thomas;

   b. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection

4

      with the collection of an alleged debt;

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number when Defendant repeatedly and continuously called Plaintiff, sometimes up to several times per week, despite being informed that Plaintiff is not the debtor, Carrie Thomas, and that no one by the name of Carrie Thomas resides at Plaintiff's address; and

    d. Defendant violated §1692d(6) of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant's collectors that called Plaintiff failed to state that call was from ARS National Services, Inc.

38. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

39. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, RICK WINTERBOTTOM, respectfully requests judgment be entered against Defendant, ARS NATIONAL SERVICES, INC., for the following:

40. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

41. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

42. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

October 23, 2014            By: /s/Kristin K. Gamble, Esq.          
                            Kristin K. Gamble, Esq.
                            3816 Lincoln Place Drive
                            Des Moines, IA 50312
                            Tel: 515-724-2476
                            kkgamble177@gmail.com
                            Attorney for Plaintiff